# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SARA L. WEATHERSPOON, | Case No.: 2:23-cv-00548-GMN-DJA |
| Plaintiff, | |
| v. | **JOINT MOTION TO EXTEND DISCOVERY DEADLINES (FIRST REQUEST)** |
| FIRST ADVANTAGE BACKGROUND SERVICES CORP., | |
| Defendant. | |

Plaintiff Sara L. Weatherspoon ("Plaintiff") and Defendant First Advantage Background Services Corp. ("First Advantage") (together, the "Parties"), through their counsel of record, hereby file this Joint Motion to Extend Discovery Deadlines (First Request) (the "Motion"). This Motion is filed in accordance with LR 26-3. For the reasons set forth below, the Parties respectfully request this Court to extend the current discovery deadlines by sixty (60) days. This is the first motion to extend the discovery deadlines.

I. **Discovery Completed to Date**

1. The Joint Discovery Plan and Scheduling Order (the "Discovery Plan") was entered by the Court on August 8, 2023 [Dkt. No. 16].

2. The Parties exchanged Initial Disclosure Statements Pursuant to Fed. R. Civ. P. 26(a)(1) on July 12, 2023.

3. Plaintiff propounded her First Set of Requests for Production of Documents, First Set of Requests for Admissions, and First Set of Interrogatories ("Plaintiff's First Set of Discovery Requests") on First Advantage on July 17, 2023.

4. First Advantage responded to Plaintiff's First Set of Discovery Requests on August 16, 2023.

5. Plaintiff served her 30(b)(6) Notice of Deposition of Defendant First Advantage Background Services Corp. on August 21, 2023. The deposition of Defendant is scheduled for October 9, 2023.

6. Plaintiff sent First Advantage a meet and confer letter concerning First Advantage's discovery responses on September 14, 2023, in an attempt to resolve a discovery dispute between the Parties without the necessity of involvement of the Court. The Parties are currently in the process of resolving this dispute.

7. On September 14, 2023, the Parties filed their Proposed Stipulated Protective Order [Dkt. No. 18], which was granted on September 18, 2023 [Dkt. No. 19].

## II. Discovery to be Completed

1. Plaintiff intends to take the 30(b)(6) deposition of First Advantage, which has been noticed for October 9, 2023.

2. Plaintiff anticipates propounding additional written discovery upon First Advantage following the completion of First Advantage's deposition, subject to the testimony of First Advantage.

3. Plaintiff anticipates engaging in third-party discovery with non-party FedEx, again subject to the testimony of First Advantage during its 30(b)(6) deposition.

4. Dependent upon the outcome of this pending discovery, Plaintiff is considering retaining an expert witness. However, the necessity of retaining such a witness will depend on many aspects of the above-referenced discovery.

5. First Advantage anticipates serving written discovery upon Plaintiff and/or serving a notice of Plaintiff's deposition.

## III. Reasons Discovery Was Not Completed Within the Time Limits and Needs to be Extended

Since discovery in this matter commenced, the Parties have been diligently engaged in conducting discovery. Plaintiff served written discovery requests upon First Advantage as soon as she was able to do so, and First Advantage provided its initial written responses within approximately thirty days, without the necessity of several extensions. Shortly after receiving those written responses, Plaintiff served

a Notice of Deposition upon First Advantage, and the Parties worked together to ascertain dates upon which First Advantage could produce a corporate representative to serve as its 30(b)(6) witness. Concurrently, the Parties have since become engaged in an informal discovery dispute, with Plaintiff seeking additional documents and revised written responses to certain discovery requests from First Advantage. To date, the Parties have been working amicably toward resolving this dispute without the necessity of involving the Court.

Despite the diligence and haste on the part of the Parties, due to the shortened discovery period set forth by the Court, the current deadline for disclosure of Plaintiff's expert report is set for October 30, 2023, and the deadline for First Advantage's rebuttal expert report is set for November 29, 2023. In order for Plaintiff to properly evaluate whether an expert report is necessary for the facts of this case, Plaintiff first must evaluate First Advantage's 30(b)(6) witness in order to understand the specifics of the background reporting at issue and relevant to the underlying facts of this case. As a general statement, after developing such facts, Plaintiff has learned that experts request at least approximately one month in order to properly research, draft, and finalize any such expert report. Accordingly, despite the diligence on the part of the Parties in completing necessary discovery, the Parties anticipate that compliance with the existing expert disclosure deadlines will not be practicable and may harm the Parties' abilities to adequately support their claim(s)

and/or defense(s). Notably, the Parties are **only** requesting extensions to the expert disclosure deadlines, and those following those deadlines. The Parties are not requesting extension of any other deadlines, nor are the Parties requesting any extension of any deadlines that have already passed.

IV. **Proposed Schedule for Completing Discovery**

|  | **Current Date** | **Proposed Date** |
|---|---|---|
| **Amend Pleadings/Add Parties** | September 30, 2023 | September 30, 2023 |
| **Initial Expert Disclosures** | October 30, 2023 | December 29, 2023 |
| **Rebuttal Expert Disclosures** | November 29, 2023 | January 29, 2024 |
| **Close of Discovery** | December 29, 2023 | February 27, 2024 |
| **Dispositive Motions** | January 26, 2024 | March 26, 2024 |
| **Joint Pretrial Order** | February 23, 2024 | April 23, 2024 |

WHEREFORE, the Parties respectfully request that the Court extend the current discovery deadlines by sixty (60) days.

//

Respectfully Submitted this 25th day of September 2023.

| | |
|---|---|
| */s/Michael Yancey* | */s/ Jason Spak* |
| Michael Yancey, NV #16158 | Jason Spak |
| **CONSUMER ATTORNEYS** | **FISHERBROYLES, LLP** |
| 2300 West Sahara Ave. Suite 800 | 6360 Broad Street, #5262 |
| Las Vegas, NV 89102 | Pittsburgh, PA 15206 |
| E: myancey@consumerattorneys.com | E: jason.spak@fisherbroyles.com |
| T: (480) 573-9272 | T: (412) 230-8555 |
| F: (718) 715-1750 | |
| | Taylor Buono |
| *Attorneys for Plaintiff* | **WILSON ELSER MOSKOWITZ** |
| *Sara L. Weatherspoon* | **EDELMAN & DICKER LLP** |
| | 6689 Las Vegas Boulevard South, Suite 200 |
| | Las Vegas, NV 89119 |
| | E: taylor.buono@wilsonelser.com |
| | T: (702) 727-1400 |
| | F: (702) 727-1401 |
| | |
| | *Counsel for Defendant First Advantage Background Services Corp.* |

**IT IS SO ORDERED:**

DATED: 9/26/2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**CONSUMER ATTORNEYS**

By: */s/ Sierra M. Stewart*
Sierra M. Stewart